# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIE WEAVER, | CASE NO. 1:06-CV-01614-AWI-LJO-P |
| Plaintiff, | ORDER DISMISSING ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT AND FAILURE TO STATE A CLAIM |
| v. | |
| CALIFORNIA CORRECTIONAL INSTITUTION LEGAL LAW LIBRARY A-4A-4, et al., | (Doc. 1) |
| Defendants. | |

Plaintiff Willie Weaver ("plaintiff") is a state prisoner proceeding pro se in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on November 13, 2006, but has not paid the $350.00 filing fee.[1]

Pursuant to the Prison Litigation Reform Act of 1995, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The section 1997e(a) exhaustion requirement applies to all prisoner suits relating to prison life. Porter v. Nussle, 435 U.S. 516, 532 (2002).

---

[1] Absent a showing of imminent danger of serious physical injury, plaintiff is ineligible to proceed in forma pauperis in this action because he has had at least three previous actions dismissed for failure to state a claim, frivolousness, or maliciousness. 28 U.S.C. § 1915(g). The Court takes judicial notice of case numbers 1:06-CV-00671-OWW-SMS-P Weaver v. California Correctional Institution Confinement SHU (dismissed July 17, 2006, for failure to state a claim and frivolousness); 1:06-CV-00775-OWW-LJO-P Weaver v. California Correctional Institution - Third Watch Sergeant (dismissed July 17, 2006, for failure to state a claim and frivolousness); and 1:06-CV-00863-OWW-SMS-P Weaver v. California Correctional Institution Law Library (dismissed August 1, 2006, for failure to state a claim and frivolousness).

1

1  Prisoners must complete the prison's administrative process, regardless of the relief sought by the
2  prisoner and regardless of the relief offered by the process, as long as the administrative process can
3  provide some sort of relief on the complaint stated.  Booth v. Churner, 532 U.S. 731, 741 (2001).
4  "Proper exhaustion[, which] demands compliance with an agency's deadlines and other critical
5  procedural rules . . . ." is required, Ngo v. Woodford, 126 S.Ct. 2378, 2386 (2006), and must occur
6  prior to filing suit, McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002).

7     Plaintiff has filed one-hundred forty-two actions in this district, the vast majority of which
8  were filed in 2006, and on November 17, 2006, in case number 1:06-cv-01343-AWI-WMW P,
9  Magistrate Judge William Wunderlich issued an order to show cause why plaintiff should not be
10 declared a vexatious litigant and subjected to a pre-filing review order.  Recently, the court has
11 dismissed numerous cases based on plaintiff's concession in his complaint that exhaustion of his
12 claim had not yet occurred.  See e.g., 1:06-cv-01066-AWI-SMS P; 1:06-cv-01102-AWI-SMS P;
13 1:06-cv-01198-AWI-SMS P; 1:06-cv-01204-OWW-SMS P 1:06-cv-01206-AWI-SMS P.  Now, in
14 this action, plaintiff alleges that he filed an inmate appeal and the process is complete.

15    Plaintiff alleges that between October 26, 2006, and November 4, 2006, he submitted
16 requests for law library access.  Plaintiff dated his complaint November 4, 2006, and it was received
17 and filed on November 13, 2006.  The court finds that it is an impossibility for plaintiff to have
18 properly utilized the prison's administrative grievance process, which involves one informal level
19 and three formal levels of appeal, Cal. Code Regs., tit. 15 § 3084.5 (2006), and exhausted his appeal
20 when the events upon which he is attempting to impose liability occurred over a period of ten days
21 up to and including the day he drafted his complaint.

22    Further, plaintiff's allegations are insufficient to state a claim for relief under section 1983
23 for denial of access to the courts, Christopher v. Harbury, 536 U.S. 403, 415 (2002); Lewis v. Casey,
24 518 U.S. 343, 351 (1996), for imposition of cruel and unusual punishment, Hudson v. McMillian,
25 503 U.S. 1, 8-9 (1992); Rhodes v. Chapman, 452 U.S. 337, 347 (1981), or for any other
26 constitutional violation. Plaintiff is abusing the process and wasting this court's resources by fili/ng
27 frivolous, unexhausted civil rights actions.
28 ///

2

1   This action is DISMISSED, without prejudice, based on plaintiff's failure to comply with 42
2   U.S.C. § 1997e(a) by exhausting the available administrative remedies prior to filing suit and for
3   failure to state a claim upon which relief may be granted.[2]

IT IS SO ORDERED.

**Dated:   November 20, 2006**           /s/ Anthony W. Ishii
0m8i78                                   UNITED STATES DISTRICT JUDGE

---

[2] The court is not dismissing this action with prejudice only because of the possibility, remote as it currently appears to the court, that the failure to allow plaintiff to access the law library may lead to an actual injury in the future. Christopher at 415; Lewis at 351.

3